[Civ. No. 33831. Second Dist., Div. Four. Nov. 21, 1969.]

BEVERLY GASPARD-MICHEL, Plaintiff and Respondent, v. ALAIN GASPARD-MICHEL, Defendant and Appellant.

12

## COUNSEL

Simon Taub and David J. Jaffe for Defendant and Appellant.

Hindin, McKittrick & Marsh and John A. Ellis for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal from the portions of an interlocutory decree of divorce which awarded community property to the wife and required the husband to pay the community debts.[1] We affirm the decree.

The parties were married in 1955 and separated in 1967; they had two children, ages 11 and 12. The wife was granted a divorce for extreme cruelty,[2] but the appeal does not attack that portion of the decree nor the provisions therein dealing with custody of the children, child support and alimony. The sole issues are those above indicated.

### I

█ Although the husband objects in his briefs to the allocation of the household furniture and furnishings to the wife, the record is clear that he stipulated to that part of the division in open court. That being the case he cannot object to it here.

### II

The record is scanty as to the values of the items of community property. Among them were two old automobiles which everyone seems to have agreed were without any significant value. The judgment gave one of them to the husband and one to the wife. No complaint is here made of that division.

The dispute is over the family home and its furnishings.[3] The wife

---

[1]The amended notice of appeal is ". . . from the judgment heretofore entered in the above-entitled court on March 13, 1968, in Book WE 18, Page 153, in favor of plaintiff and against defendant, *and* from that portion thereof which divides the community property and orders the defendant to pay all community debts." (Italics added.) While that notice is an appeal from the total interlocutory judgment, the appellant's briefs attack only the parts specifically mentioned in the final clause. We deem any appeal from the other portions to be abandoned.

[2]The husband had cross-complained for divorce; the judgment denied his cross-complaint.

[3]Some of the household furniture and furnishings belonged to the husband's mother. The judgment directed that those items be delivered to him for her account. No

testified that she had no opinion as to the value of those assets; the husband testified that, in his opinion, the home was worth $36,000 subject to a trust deed of $28,000 (*i.e.,* to an equity of $8,000), and that the furniture and furnishings were worth about $3,000. As above indicated, the husband stipulated that the furnishings could be assigned to the wife. That stipulation was without any reservation as to a charge for community debts. As far as we can see, the $3,000 estimate of value was accepted by everyone at the trial.

█ The trial court, however, quite expressly indicated that it did not accept the husband's claim that there was an equity of $8,000 in the home. Pointing to the fact that the wife could not maintain that home on the support she was to be awarded, and thus that it would necessarily be sold under what amounted to forced sale conditions, the court concluded that there was only a very speculative equity of only nominal value. We cannot say that the court was in error in that conclusion. As counsel for the wife points out, the husband's testimony as to his earnings was evasive and misleading; the court could well have discounted all of his financial calculations. In addition, as we point out above, the value of an equity in a home which is not likely to be sold will normally be greater than the equity in one which must be sold promptly lest the encumbrances on it be foreclosed.

### III

█ The husband objects that the trial court did not make a specific finding as to the equity values of the home and furnishings, pointing to the provisions of section 634 of the Code of Civil Procedure.[4] But a trial court is not required, even on request, to make findings on immaterial matters. Admittedly, in a case such as the one at bench, where a divorce is granted to one party on the ground of extreme cruelty, a trial court has *jurisdiction* to grant all of the community property to the successful party and, if it determines so to do, the *exact* value of the property so assigned becomes immaterial. It is only where, as in the case of a divorce on grounds other than extreme cruelty or adultery, or in cases of double divorce, that the values of the several items of community property could become material.[5]

---

issue is here raised as to that portion of the judgment. References in this opinion to the "furnishings" are to the furniture and furnishings that, admittedly, were the community property of the marriage.

[4]The brief cites section 634 of the Civil Code; the quotation makes it obvious that the Code of Civil Procedure was intended.

[5]We do not imply that, in a case where the community property was of substantial value, it might not be material to know that value in order to determine whether an award of 100 percent was an abuse of discretion. In the case at bench, the values, even on the husband's testimony, were not so large as to create that problem; at

## IV

■ The husband's primary contention is that the result of the judgment is to give the wife more than all of the community property. He points to various cases which say that the value of the community property is the net after the community debts have been deducted from the community assets. That general statement is not here controlling. Admittedly, a trial court, in dividing the community property, may provide that the community debts be paid out of (or charged against) the community assets before a division is made. But that is not to say that the trial court must, as a matter of law, always go through that mathematical process.

■ The husband against whom a divorce is granted on the grounds of extreme cruelty is obligated to support his ex-wife and children according to their needs and his ability. That obligation can be satisfied by allocating to the wife community property which she can look to for part of her support, by relieving her of community obligations, or by adequate child support and alimony orders. In every case, the trial court must select among those methods and it may, in its discretion, employ more than one. Once the trial court has reached a conclusion as to the amount the wife is entitled to receive, it is immaterial whether she receive more community and less support payments, or less community and more support payments. ■ We cannot say that the ultimate result in this case was beyond the discretionary power of the trial court.[6]

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 14, 1970.

---

oral argument, counsel admitted that he could not attack an award of all community property to the wife and was not doing so. His objection is the one next discussed— namely that the award was, on his theory, of more than 100 percent of the community property.

[6]Using his testimony as to the values, the result of the judgment, according to the husband, was to give the wife $11,000 of community property as against a "net" value of $8,500. Since the wife could lawfully have been given the full net value, the difference, of course, is the amount of the debts—*i.e.,* $2,500. The husband has a gross income in excess of $15,000; he is likely to receive additional salary in the future. The wife is unemployable and is saddled with the support of herself and of two small children. The total child support and alimony award is $400 per month. We cannot say that the $2,500 extra, whether by way of assignment of community assets or by an increase of the support orders, is beyond the reasonable discretion of the trial court.